NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3253

JAMES O. VAUGHNS,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: May 4, 2006

_____

Before MICHEL, Chief Judge, NEWMAN and RADER, Circuit Judges.

MICHEL, Chief Judge.

James O. Vaughns was removed from employment at the Equal Employment Opportunity Commission ("EEOC") office in Little Rock, Arkansas, on April 13, 1990. On January 17, 2004, Mr. Vaughns, acting pro se, filed two appeals with the Merit Systems Protection Board ("MSPB" or "Board"). The first appeal challenged his 1990 removal, and the second appeal was from a reconsideration decision of the Office of Personnel Management ("OPM") disallowing his application for disability retirement as untimely filed. The two appeals were not consolidated. On May 21, 2004, an Administrative Judge ("AJ") issued two initial decisions in these appeals. The first decision dismissed as untimely filed Mr. Vaughns' appeal challenging his 1990 removal.

Docket No. DA-0432-04-0261-I-1. The second decision affirmed the OPM disallowance of Mr. Vaughns' application for disability retirement as untimely filed. Docket No. DA-831E-04-0262-I-1. Mr. Vaughns then obtained counsel, who filed petitions for review with the full Board. Both initial decisions became final decisions of the Board when the full Board denied Mr. Vaughns' petitions for review.

Mr. Vaughns, through the same counsel, then filed a Petition for Review with this court. The Petition for Review attached only the Final Order for Docket No. DA-831E-04-0262-I-1, involving the denial of disability retirement, and only a single docketing fee accompanied the Petition. Accordingly, this court's Notice of Docketing lists only Docket No. DA-831E-04-0262-I-1. Mr. Vaughns' counsel then submitted a petitioner's brief devoted solely to the other MSPB decision, Docket No. DA-0432-04-0261-I-1, regarding the termination of his employment, and attached the first eight pages of that MSPB decision as an appendix to his brief.

This court's jurisdiction over MSPB appeals is limited by statute. "[A] petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit. Notwithstanding any other provision of law, any petition for review must be filed within 60 days after the date the petitioner received notice of the final order or decision of the Board." 5 U.S.C. § 7703(b). Accordingly, an appellant's Petition for Review sets the parameters of our jurisdiction. Because Mr. Vaughns did not petition this court for review of the MSPB decision relating to his

removal, and because the 60-day filing deadline has passed, it would be outside the bounds of our statutory authority to review the removal decision.[1]

Because Mr. Vaughns' appellate brief is devoted solely to the removal decision, Mr. Vaughns' counsel has failed to make any arguments related to the only MSPB decision we have authority to review. Normally, where an appellant does not file a brief challenging the judgment below, this court would dismiss for failure to prosecute. See Fed. Cir. R. 31(d). We may, however, entertain Mr. Vaughns' petition for review at our discretion. In the absence of briefing on the disability retirement claim, we can review at most for plain error on the record. We see none.

A claim for disability retirement must be filed with OPM within one year of separation from employment, 5 U.S.C. § 8337(b), and OPM does not have discretion to waive the deadline, absent a showing of mental incompetence.[2] Stevenson-Phillips v. OPM, 48 M.S.P.R. 527, 531 (1991). There are no factual disputes in this case, as the two key dates—separation date and OPM filing date—are contained in official government documents and not disputed by Mr. Vaughns. On his application for disability retirement, Mr. Vaughns indicated that his date of separation was April 13, 1990; this separation date was confirmed by OPM documents submitted to the Board. Therefore, Mr. Vaughns was required to file for disability retirement no later than April 13, 1991.

---

[1]    Indeed, in his supplemental brief addressing this issue, Vaughns concedes that he is collaterally estopped from challenging the removal action, as it was challenged unsuccessfully in United States District Court.

[2]    OPM may accept a late application if the applicant was mentally incompetent "at the date of separation from service or within 1 year thereafter" and filed an application within one year of the restoration of competency. 5 U.S.C. § 8337(b).

Mr. Vaughns does not dispute that he applied to OPM for disability retirement in 2003, as indicated by his dated cover letter to OPM and the OPM date-stamp on the disability retirement application. Instead, Mr. Vaughns argued to the Board that the filing deadline should be equitably tolled on one of two grounds. First, Mr. Vaughns claims that he was not subject to the one-year filing deadline for former employees as of his 1990 separation date because his "employment relationship" with the EEOC continued pending resolution of his discrimination claim and subsequent lawsuit against the agency. In the alternative, Mr. Vaughns claims that because "a lot of his illnesses and conditions" were "latent and not manifested" until 1993, he was unable to obtain a "final diagnosis" of disability before the 1991 filing deadline. He produced no evidence whatsoever that he was incompetent during the one-year filing period starting in April 1990.[3] Indeed, as the AJ noted, Mr. Vaughns' own admission that he pursued a discrimination claim against the agency following his separation rebuts any claim of mental incompetence during the filing period. The AJ correctly rejected both equitable tolling arguments as unsupported by case law.

Because Mr. Vaughns does not dispute that he applied to OPM for disability retirement in 2003, twelve years after the 1991 deadline, and does not dispute that he was mentally competent during the filing period, the decision of the Board is affirmed.

---

[3] Mr. Vaughns had initially argued to OPM that he was mentally incompetent during the filing period from April 1990 to April 1991, and submitted medical records to support his contention. However, his medical records indicate that he did not begin psychiatric treatment until April 1992—well after the filing deadline. He did not contest this finding on appeal to the Board.